**SO ORDERED.**

**SIGNED this 30 day of June, 2011.**



*Dale L. Somers*
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> **KEVIN LLOYD GANNON,** <br><br> DEBTOR. | CASE NO. 10-10629-7 <br> CHAPTER 7 |
| **STEVEN L. SPETH, Trustee,** <br><br> PLAINTIFF, <br><br> v. <br><br> **BANK OF AMERICA,** <br><br> DEFENDANT. | ADV. NO. 10-5080 |

**OPINION REOPENING THIS ADVERSARY PROCEEDING, VACATING THE**

**DEFAULT JUDGMENT ENTERED AGAINST THE DEFENDANT BECAUSE**

**OF INSUFFICIENT SERVICE OF PROCESS, AND GIVING THE DEFENDANT**

**UNTIL JULY 27, 2011, TO RESPOND TO THE PLAINTIFF'S COMPLAINT**

This proceeding was before the Court on April 14, 2011, for a hearing on the Defendant Bank of America's motion to reopen the case and vacate a default judgment that was signed on June 7, 2010, and entered the next day. Bank of America appeared by counsel Michael P. Gaughan and Richard M. Beheler of South & Associates, P.C. The Plaintiff-Trustee appeared by counsel Timothy J. King of Speth & King. At the hearing, the Court directed the Trustee to provide a written explanation or a brief supporting his opposition to the motion, which he has done. The Bank filed a response. The Court has reviewed the relevant materials and is now ready to rule.

**Facts**

**1. Events in Adv. No. 10-5080 up to entry of the default judgment**

In April 2010, the Trustee filed a complaint seeking under § 544 to avoid Bank of America's lien on a "2002 Baja Islander 212 boat, HIN: AGC28073A202, Title: 361808025003," on the ground the lien was unperfected. The complaint contains no mention of a trailer. A summons was issued on April 12, 2010, making the Bank's answer due on May 12, and the Trustee served the summons and complaint two days later by regular first class U.S. mail addressed to:

> Officer, Managing or General Agent
> Bank of America
> Bankruptcy Department
> NC4-105-03-14
> P.O. Box 26012
> Greensboro, NC 27470-6012

No answer was filed, and the Trustee filed a motion for default judgment on May 14,

2

mailing a notice of the motion and an objection deadline to exactly the same address. No objection was filed, and an order granting the motion was entered on June 8, 2010. A notice of the entry of the judgment was filed the same day. The Bankruptcy Noticing Center sent copies of the order and the notice by first class mail, both addressed to:

> Bank of America
> PO Box 26012
> Greensboro, NC 27420-6012

The adversary case was closed in July 2010.

**2. Relevant events that occurred in the Debtor's main bankruptcy case**

The Debtor filed a Chapter 7 petition in March 2010. On Schedule B, he reported owning a 2002 Baja Islander 212 that he valued at $14,500; he did not mention any trailer for the boat. On Schedule D, he reported that a consensual lien on the boat secured a $19,400 debt to "Bank of America-Bankruptcy, Bankruptcy Department, PO Box 21846, Greensboro, NC 27420-1846." No boat trailer was mentioned on Schedule D. On Schedule F, he reported owing an unsecured credit card debt of $9,110 to that same creditor at the same address, and reported "World Points" as an "Assignee or other notification for: Bank of America-Bankruptcy."

In the Debtor's main bankruptcy case, on June 29, 2010 (soon after entry of the default judgment in this adversary proceeding), the Trustee filed a motion to sell a "2002 Baja Islander Boat, ID #ACC28073A202, and Trailer, ID #KB22T1D-44,"[1] mailing a

---

[1] The second character in the identification number stated for the boat was a "C" in this document, rather than the "G" used in the adversary complaint. Much later, on May 13, 2011, the Trustee submitted an order *nunc pro tunc* to correct the identification number for the boat, changing that "C" to a "G," and

3

copy of the motion, which included an objection deadline, to, among others:

> Bank of America-Bankruptcy
> Bankruptcy Department
> PO Box 21846
> Greensboro NC 27420-1846

No objections were filed, and an order allowing the sale was entered.  On August 3, 2010, the Trustee filed a report stating the property had been sold for $13,500, an auctioneer had been paid $2,025 in fees and $150 in expenses, and the $11,325 balance would be held for administrative expenses and distribution to creditors.

On September 14, 2010, the Trustee filed a document labeled "Notice of Intended Compromise and Motion for Allowance and Payment of Attorney Fees," filing it once as a "Motion for Administrative Expenses for Timothy J. King, Trustee's Attorney" (dkt. no. 37), and again as a "Notice of Intended Compromise" (dkt. no. 38).  Although nothing indicates the Trustee ever had any contact with Bank of America about this proceeding and the judgment entered against the Bank was a default judgment, this document said:

> The specific compromise amounts, the attorney fees and expenses
> requested, and the adversary proceedings to which they relate, are as follows:

| Defendant | Adversary No. | Compromise Amount | Attorney Fees | Expenses |
| --- | --- | --- | --- | --- |
| Bank of | 10-5080 | $13,500.00 | $4,500.00 | $7.04 |

The document included notice of an objection deadline of October 6 and a hearing date of November 18.  A certificate of service on the document says the Trustee mailed a copy to

> Officer, Managing or General Agent

---

making it the same as the identification number used in the adversary complaint.

>    Bank of America
>    Bankruptcy Department
>    NC4-105-03-14
>    P.O. Box 26012
>    Greensboro, NC 27470-6012

The Trustee then entered the document a third time as a "Notice of Objection Deadline" (dkt. no. 39), along with a creditor matrix that included this address:

>    Bank of America-Bankruptcy
>    Bankruptcy Department
>    PO Box 21846
>    Greensboro NC 27420-1846

No objections were filed, and the Trustee submitted an "Order Approving Compromise and Payment of Attorney Fees" that the Court signed on October 12, 2010, and the clerks entered the next day (dkt. no. 40). The order said "that settlement and payment is authorized as follows" and then repeated the information about the defendant, the adversary number, the "compromise" amount, and the attorney fees and expenses that had been stated in the "Notice of Intended Compromise and Motion for Allowance and Payment of Attorney Fees."

**3. Bank of America's motion to reopen Adv. No. 10-5080 and vacate the default judgment**

On March 11, 2011, Bank of America filed its motion to reopen the adversary case and vacate the order granting the default judgment. The Bank claimed it is an insured depository institution, so Federal Rule of Bankruptcy Procedure 7004(h) required service on it to be made by certified mail addressed to an officer of the Bank. The Bank said it

5

contacted counsel on December 1, 2010, "to obtain payments pursuant to the court's relief order on the vehicle in question." The attorney reviewed the docket and informed the Bank of the default judgment, which the Bank claims was the first time it learned of the order; the Bank does not specify the date when this occurred, though it could not have been earlier than December 1, 2010. No explanation was offered for the three-month lapse between the contact with the attorney and the filing of the Bank's motion on March 11, 2011. The Bank asked for the adversary case to be reopened so it could move to vacate the default judgment, and asked the Court to vacate the judgment "as a result of the infirmities with service." The Trustee filed a response declaring his objection to the Bank's motion, but offering no explanation of his opposition.

The Bank's motion came before the Court for a hearing on April 14, 2011. After hearing from counsel, the Court asked the Trustee to provide a written explanation or brief indicating his position on the issue, and to include copies of correspondence he said he has had with the Bank. The Trustee filed his memorandum on May 5, and the Bank filed a response on May 10.

The Trustee did not dispute the Bank's assertion that it is an insured depository institution covered by Bankruptcy Rule 7004(h), but argued an exception stated in Rule 7004(h)(3) applied to eliminate the certified mail requirement. Rule 7004(h)(3) says certified mail is not necessary if "the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service." He claimed the Bank had made such a waiver in prior communications with his office. To support that

6

claim, he attached a copy of an email a Bank employee had sent to his legal assistant on August 14, 2009, about a different case than this one. The Bank employee said another person, Bradley Cleek, would handle that case, and went on to say Mr. Cleek:

> provided the name and address information below for future demand letters concerning preference payments.
>
> Please forward any future preferential or fraudulent demand letters for FIA Card Services (MBNA, Bank of America, Fleet) credit card accounts to Taronda Ford-Cobb @ Bankruptcy Department, 4161 Peidmont Parkway, NC4-105-03-14, Greensboro, NC 27410.

The Trustee added that this request to send demands in bankruptcy to the Bank's bankruptcy department was made because prior "demands and summons" the Trustee had been sending in adversary proceedings were being sent to an officer of the Bank as required by Rule 7004(h), but the Bank's employees were not internally directing them to the Bank's bankruptcy department. The Trustee said he had filed many adversary proceedings against the Bank and obtained service on the bankruptcy department, but this was the first time the Bank had alleged insufficient service.

The Bank filed a response. It repeated its assertion that Bankruptcy Rule 7004(h) required service to be made on one of its officers by certified mail, citing *In re Hamlett*,[2] *PNC Mortgage v. Rhiel*,[3] and *In re Kennedy*[4] as support. It then pointed out that the email the Trustee relied on as a waiver of the certified mail requirement (1) addressed only

---

[2] 322 F.3d 342, 346 (4th Cir. 2003).

[3] 2011 WL 1043949 (S.D.Ohio 2011).

[4] 403 B.R. 363, 365 (Bankr. D.S.C. 2009).

7

future demands seeking to recover preferences or fraudulent conveyances for FIA Card Services credit card accounts, and (2) asked that such demands be directed to a named person at a specified address. The Trustee, the Bank pointed out, did not use the address given in the email and did not direct the summons to the person named in the email. The Bank attached a copy of a UCC financing statement and a Kansas Motor Vehicle Records search that it claims show it has a validly perfected security interest in the boat and the trailer. The financing statement identifies the Bank's collateral as "2002 Heritage Traile 4APKB222521000128" and "2002 Baja 212 Isla AGC28073A202." The search of the motor vehicle records is dated April 8, 2011, and shows the Debtor as the registered owner of a vehicle of type "TR" with the identification number "4APKB222521000128," subject to a lien held by Bank of America. The Court notes that although the identification number given on the financing statement for the 2002 Baja boat is the same as the number the Trustee used in his adversary complaint and in the order *nunc pro tunc* approving his sale of the boat and trailer, the trailer identification number on the Bank's materials is not the same as the identification number the Trustee used in his motion to sell the boat and trailer, or in the order approving the sale.

**Discussion**

The Court believes this adversary proceeding must be reopened if the default judgment will be vacated but otherwise, need not be reopened. The Court will therefore address only the question whether the judgment should be vacated. In its motion, the Bank cited Bankruptcy Rule 9024 and Civil Rule 60(b), which concern relief from

8

judgments, but did not specify which ground for relief it was relying on under either rule. The Court believes the applicable ground is found in Rule 60(b)(4), which authorizes relief from a judgment on the ground "the judgment is void." In *Hukill v. Oklahoma Native American Domestic Violence Coalition*, the Tenth Circuit said:

> "[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant." *United States v. Bigford,* 365 F.3d 859, 865 (10th Cir.2004) (emphasis and quotation omitted). And "service of process [under Fed.R.Civ.P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Okla. Radio Assocs. v. F.D.I.C.,* 969 F. 2d 940, 943 (10th Cir. 1992).[5]

So the Trustee's default judgment against the Bank is void unless the service the Trustee made was sufficient to give the Court personal jurisdiction over the Bank.[6]

The parties agree Federal Rule of Bankruptcy Procedure 7004(h) specified how the Trustee was to serve the Bank in this case. In relevant part, the rule provides:

> (h) Service on an insured depository institution . . . in [an] adversary proceeding shall be made by certified mail addressed to an officer of the institution unless —
>   . . .
>   (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

In *Oklahoma Radio Associates v. FDIC,* the Tenth Circuit explained the purpose of service of process under Federal Rule of Civil Procedure 4, the civil equivalent of Bankruptcy Rule 7004, this way:

> Personal service under Rule 4 serves two purposes: notifying a defendant of the

---

[5]*Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008).

[6]*See also* 11 Wright, Miller, & Kane, *Federal Prac. & Pro.: Civil 2d*, § 2862 at 326-27 (1995) ("A judgment is . . . void only if the court that rendered it lacked jurisdiction of . . . the parties.").

9

commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit. *See Hagmeyer v. United States Dep't of Treasury*, 647 F.Supp. 1300, 1303 (D.D.C.1986) (citing 4 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure[: Civil,]* § 1063 [at 204 (1969 & Supp. 1977)]). Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (citing *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)).[7]

In other words, proper service on a defendant like the Bank in an adversary proceeding is not an empty formality that may be dispensed with in order to improve the efficiency of the bankruptcy system. As in other types of litigation, proper service is an important ritual aimed at notifying the defendant of the proceeding and of the Court's assertion of personal jurisdiction over the defendant. For example, in *Hamlett v. Amsouth Bank (In re Hamlett*,[8] in affirming the bankruptcy court's order vacating a default judgment, the Fourth Circuit ruled that even if service on a corporation's registered agent would be sufficient under state law to assert jurisdiction over the corporation, such service does not satisfy Rule 7004(h) because a registered agent is not an "officer" of the corporation.

The Trustee's attempted service certainly did not satisfy the generally applicable part of Rule 7004(h) because it was not made by certified mail.[9] But the Trustee argues his attempted service was sufficient under the third exception to that general rule, because the Bank had sent him an email message designating an officer to receive service, and had

---

[7]969 F.2d 940, 943 (10th Cir. 1992).

[8]322 F.3d 342, 346-47.

[9]*See also PNC Mortgage v. Rhiel*, 2011 WL 1043949 (S.D. Ohio) (holding service by certified mail was invalid because addressed to "Officer, Managing or General Agent" instead of simply "Officer').

10

therefore waived the certified mail requirement.  For a number of reasons, the Court cannot agree.  First, the email concerned "future demand letters," and said nothing about summonses or service of process.  According to Black's Law Dictionary, a demand letter is:  "A letter by which one party explains its legal position in a dispute and requests that the recipient take some action (such as paying money owed), or else risk being sued."[10]  Such letters are an informal effort to resolve legal disputes, preliminary to formally filing a lawsuit.  Second, the email asked that demand letters "for FIA Card Services (MBNA, Bank of America, Fleet) credit card accounts" be sent a specified person.  Nothing in the Trustee's complaint suggests the Bank's lien on the Debtor's boat had any connection to a credit card account.  Third, the Trustee directed the summons and complaint to "Officer, Managing or General Agent," not to Taronda Ford-Cobb, the person identified in the email as the one to whom demand letters should be sent.  Fourth, the email gave a street address for Ms. Ford-Cobb, not the post office box address the Trustee used.  Fifth, the complaint the Trustee filed to commence this proceeding sought to avoid the Bank's lien in the Debtor's boat as unperfected.  The email asked the Trustee to direct "any future preferential or fraudulent demand letters" to Ms. Ford-Cobb, not efforts to avoid allegedly unperfected liens.  In short, the email did not waive the requirements for serving process on the Bank to commence a lawsuit against it.  The Trustee's attempted service of process on the Bank was not authorized by Rule 7004(h)(3).

---

[10]Black's Law Dictionary (9th ed. 2009 Thomson Reuters, as published on Westlaw).

11

Case 10-05080   Doc# 17   Filed 06/30/11   Page 11 of 12

Because the Trustee failed to properly serve the Bank with process, the default judgment he obtained is void and must be vacated.

**Conclusion**

For these reasons, Adversary No. 10-5080 is hereby reopened, and the default judgment that was entered against Bank of America on June 8, 2010, is hereby declared to be void. The default judgment is hereby vacated. Bank of America shall have until July 27, 2011, to file an answer or other response to the Trustee's complaint.

# # #